Chief Justice Robertson,
delivered the opinion of the Court.
This is an action of trespass quart clausum fregit, and assault and battery, instituted by William Frame against Samuel Tribble and sons, for an entry on land, and a battery committed in the affray described in the case of B. Frame vs. S. Tribble et al. just decided. The case was tried upon an issue on a plea amounting only to liberum tenementum. The circuit court instructed the jury that, according to the facts, Samuel Trib.ble, Sr. had no right to enter on the land. On a writ of error to this court, that instruction was declared to be erroneous. This court decided that Tribble it had a perfect right to enter,” and referred to the case in V Littell, 187.
But this court also said, in that case, that Tribble’s right of entry, though a full justification in an action of trespass quart clausum frigit merely, did not, per se, justify a battery on the person of Frame. See III Mon. 13.
On the return of the case from this court to the circuit court, Samuel Tribble, Sr. pleaded that the freehold was in him; that he had entered on the locus in quo, and was in the actual possession thereof; that the defendant in error afterwards entered and attempted, by force, to ex pel him; and that, thereupon, he used the force (complained of) in defence of himself and his possession. The suit was abated as to one of the sons, and the other pleaded that lie entered with his father and acted with him,-and by his command. ' Upon issues formed on these pleas, the jury found a verdict for the defendant in error for $14 in damages, for which the court, after overruling a motion for a new trial, rendered judgment.
The pleas contain a legal defence to the whole action. If, as averred, S. Tribble was in the actual possession of his own land. Frame’s entry was tort ious;andif force was used for the purpose of expelling Tribble or of disturbing his possession', he liad a legal right to repel force with force, and his *618 son, acting under his authority, was equally justi" fiable.
And his «on, aciing under J(iis authority, is equally justifiable.
Monroe ancl Hoggin, for plaintiffs; Hanson, for defendant.
Tor the reasons stated in the case of S. Tribble et al. vs. B. Frame, we are of the opinion that the vs. circuit court new trial. erred in oven 'tiling tiie motion for
We are also of the opinion, that the circuit oomt erred in instructing the jhry, as it. did on the motion of the defendant in error, that, although S. Tribble, Sr. had a legal right to enter on the land, nevertheless, if “in entering,” the plaintiffs in error assaulted the defendant, such personal assault was not justified bv the right of entry. Without intimating whether S. Tribble would have been justifiable for applying force to the person of the defendant in the act of entering, and to overcome a forcible resistance to his ¿entry, we are satisfied that the instruction was abstract, and, therefore, erroneously given, whether ‘the abstract proposition be’true or false. There was no fact tending to prove t’hat any actual force was used in the act of entering on the land, or that the “battery complained of was committed “in entering.M On the contrary, the proof shows that the force was employed whilst S, Tribble was-in actual possession, and in the necessary defence of that possession.
Wherefore, the judgment of the circuit court must be reversed, and the cause remanded for a new trial.